# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

NANCY ELLEN KOVACS,

        Appellant,

v.                                                          Case No. 08-CV-713

UNITED STATES OF AMERICA,

        Appellee.

_____

## ORDER

For the second time, this matter comes before the court on appeal from an order of the United States Bankruptcy Court for the Eastern District of Wisconsin. The court briefly reviews the background that led the parties to this point. On October 10, 2001, Nancy Ellen Kovacs ("Kovacs") obtained an order from the bankruptcy court discharging certain debt obligations under Chapter 7 of the Bankruptcy Code. This order, however, did not stop the Internal Revenue Service ("IRS") from seeking to recoup unpaid tax liabilities Kovacs had accrued in the early to mid-nineties. On July 8, 2002, the IRS sent Kovacs several notices of its intent to levy upon her assets to satisfy those unpaid taxes. Only after Kovacs sought assistance from her legal counsel, and the attorneys' fees mounted, did the IRS abandon its efforts to collect Kovacs's unpaid taxes, and concede that most of her tax liabilities had been discharged by the bankruptcy court's order. On August 14,

2003, an IRS appeals officer sent Kovacs a letter confirming the IRS's change of heart.[1]

Then, on August 11, 2005, Kovacs commenced this adversary proceeding in the bankruptcy court against United States of America ("United States") seeking her attorneys' fees and other costs pursuant to 26 U.S.C. § 7433(e). Before trial, the United States conceded that the IRS had willfully violated 11 U.S.C. § 524(a) of the Bankruptcy Code by seeking to collect discharged tax liabilities. After a trial on the issue of damages, United States Bankruptcy Judge James E. Shapiro issued a written decision and an order for judgment in favor of Kovacs and against the United States in the amount of $25,000.00. Both parties appealed, and this court vacated the bankruptcy court's order and remanded for further proceedings to determine when Kovacs's cause of action under § 7433(e) accrued, and whether Kovacs's claim was time-barred by the two-year limitations period found in § 7433(d)(3). *Kovacs v. United States*, 391 B.R. 820, 827 (E.D. Wis. 2008). Recognizing that the statute of limitations provision of § 7433 implicated the bankruptcy court's subject matter jurisdiction, the court directed the bankruptcy court to dismiss the case for want of jurisdiction if it found that Kovacs had not timely filed her claim. *Id.*

In an order dated July 9, 2008, Judge Shapiro found that the two-year statute of limitations had expired before Kovacs filed her claim in the bankruptcy court.

---

[1] In her brief on appeal, Kovacs asserts that the IRS appeals officer first informed her attorney of the IRS's error on August 13, 2003. However, the one day difference does not appear to be of consequence to this appeal.

-2-

Specifically, the judge found that Kovacs's claim under § 7433(e) accrued when Kovacs received the notices of intent to levy sent by the IRS on July 8, 2002. Because Kovacs had filed her § 7433 claim more than three years later, Judge Shapiro dismissed the case for lack of subject matter jurisdiction. *See Kovacs v. United States*, Case No. 05-2462, 2008 WL 3981599 (Bankr. E.D. Wis. 2008). It is this decision Kovacs now appeals.

## ANALYSIS

As the court noted when this case first came before it, the district court has jurisdiction to hear appeals from final orders and judgments of a bankruptcy judge pursuant to 28 U.S.C. § 158. On appeal, the bankruptcy court's legal conclusions are reviewed *de novo*, while factual findings are reviewed for clear error. *Dye v. United States*, 360 F.3d 744, 747 (7th Cir. 2004). Mixed questions of law and fact are also subject to *de novo* review. *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008) (citing *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004)).

Kovacs asserts that the bankruptcy court erred in finding that her cause of action accrued when she received the July 8, 2002 notices. In the alternative, Kovacs contends that the bankruptcy court should have either equitably or judicially estopped the United States from raising a statute of limitations defense in the first place. The court will address each of Kovacs's arguments in turn.

-3-

In its order, the bankruptcy court determined that a cause of action under § 7433 accrues once a taxpayer has had a reasonable opportunity to discover all essential elements of a cause of action, and that "for harms arising out of a collection action, one would expect the cause of action to accrue when the illegal act occurred." *Kovacs*, 2008 WL 3981599 at *1 (quoting *Sylvester v. United States*, 978 F.Supp. 1186, 1190 (E.D. Wis. 1997)). The bankruptcy court highlighted the following key facts: (1) by July of 2002, Kovacs thought the IRS's notices of intent to levy sent on July 8, 2002, might have violated the discharge order; (2) shortly after the notices were received, Kovacs's attorney was made aware of them; and (3) given his experience in matters related to discharge of taxes in Chapter 7 bankruptcy, Kovacs's attorney knew or should have known that the notices violated the discharge order. Based on these facts, the bankruptcy court found that Kovacs had had a reasonable opportunity to discover all the essential elements of her § 7433 claim upon notification of the IRS's intent to levy on her assets. Because the bankruptcy court's decision on this issue involves a mixed question of law and fact, the court reviews it *de novo*.

Section 7433 of Title 26 allows a taxpayer to petition the bankruptcy court to recover damages against the United States for the IRS's willful violation of 11 U.S.C. § 524, which creates an automatic injunction against creditor collection activities after a discharge is issued. 28 U.S.C. § 7433(e)(1). The taxpayer must bring the petition "within 2 years after the date the right of action accrues." 26 U.S.C.

§ 7433(d)(3). Although the Internal Revenue Code does not define the method by which to measure the date a right of action accrues, Treasury Regulations provide that a claim brought under § 7433 accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."[2] Treas. Reg. § 301.7433-2 (g)(2) (1998).

Kovacs argues that the bankruptcy court should have found that her § 7433 claim accrued only after the IRS notified her that it had made an erroneous discharge determination in its July 8, 2002 notices of intent to levy. The parties agree that this later notification occurred on or after August 13, 2003. Prior to the IRS discovering its error, Kovacs argues that she was entitled to rely on the IRS's initial determination that the discharge order did not discharge her obligation to pay her outstanding tax liabilities from the 1990s. Kovacs claims she had no duty to discover the IRS's error, and that the calculation used to determine whether a specific tax obligation is discharged is complex. Finally, Kovacs argues that the bankruptcy court ignored the IRS's independent violations of the discharge order that took place in September of 2003.

The United States argues that the bankruptcy court applied the correct legal standard to evaluate when Kovacs's claim accrued, and that the bankruptcy court relied on sufficient evidence in the record to fix July 8, 2002, as the accrual date.

---

[2] The court notes that it must give great weigh to Treasury Regulations unless "they are unreasonable or inconsistent with congressional intent." *Carle Found. v. United States*, 611 F.2d 1192, 1196 (7th Cir. 1979).

-5-

Case 2:08-cv-00713-JPS   Filed 07/22/09   Page 5 of 11   Document 11

The United States further asserts that it is irrelevant whether Kovacs or her attorneys understood the legal implications of the IRS's actions, because any such actions were governed by the Bankruptcy Code and the Internal Revenue Code. On the issue of a continued violation, the United States argues that the IRS's communications with Kovacs in September of 2003 did not constitute violations of the discharge order because the IRS had already informed Kovacs that it no longer intended to collect the unpaid taxes at issue.

The court agrees with the bankruptcy court's assessment that Kovacs had a reasonable opportunity to discover the essential elements of a possible claim under § 7433 when she received the April 8, 2002 notices from the IRS. By the time she received these notices, Kovacs knew, or had reason to know, the following: (1) that a discharge order had been issued pursuant to 11 U.S.C. § 727; (2) that, under the Bankruptcy Code, the discharge order covered certain tax liabilities that Kovacs had accrued prior to her bankruptcy filing; (3) that the IRS was made aware of the discharge order; and (4) that the IRS sought to collect from Kovacs certain unpaid, but discharged, tax liabilities after it had been notified of the discharge order. Despite Kovacs arguments on appeal, the record also establishes that Kovacs had an ample opportunity to discover these essential facts. Indeed, the April 8, 2002 notices of intent to levy on Kovacs's assets were not the first salvo in the IRS's attempts to collect the discharged tax liabilities. Kovacs herself asserts these efforts began as early as November of 2001. Kovacs may not have had a duty to discover that the

IRS's actions were illegal, but she at least had the opportunity to do so. That opportunity was all that § 7433 required for her claim to accrue.

Kovacs's assertion that she and her attorneys acted reasonably in resolving her tax dispute with the IRS is also of no moment to the analysis. The limitations period was triggered after Kovacs had a reasonable opportunity to discover the facts, not after Kovacs had a reasonable opportunity to resolve her dispute with the IRS. *See generally Dziura v. United States*, 168 F.3d 581, 583 (1st Cir. 1999) (noting that an applicable limitations period ordinarily begins when the injured parties knows or should know the critical facts of their claims). If the latter standard were to apply, the limitations period contained in § 7433 would have little practical effect.

Further, the court rejects Kovacs's assertion that a taxpayer's opportunity to discover the essential elements of a claim should be dependent on the complexity of the legal issues involved. Kovacs was not entitled to rely on the IRS's determination of what liabilities were discharged as a result of her Chapter 7 bankruptcy proceeding. The dischargeability of tax liabilities in bankruptcy is governed by federal law, not the IRS. As the bankruptcy court and the United States aptly noted, the IRS does not hold a monopoly on legal research. And the limitations period under § 7433 is not tolled because a taxpayer or her attorney, although perhaps acting reasonably, incorrectly interpret federal law. *See e.g.*, *Venture Coal Sales Co. v. United States*, 370 F.3d 1102, 1107 (Fed. Cir. 2004) (holding in a claim

for damages against the government, statute of limitations is not tolled on grounds of unknowable injury unless government concealed its acts).

The court also rejects Kovacs's argument that the bankruptcy court erred by not explicitly addressing Kovacs's claim that the IRS continued to violate or independently violated the discharge order in communications made in September of 2003. Kovacs has not demonstrated that any IRS correspondence in September of 2003 violated the discharge order. To the contrary, the record reflects that the IRS notified Kovacs in August of 2003 that it would cease its collection efforts of the discharged tax liabilities. To the extent Kovacs argues that the IRS's continued violation of the discharge order tolled the limitations period, the court remains unconvinced. Tolling for continuing violations requires continuing unlawful acts, and not just the continual ill effects of an initial violation. *See generally Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 423 (3rd Cir. 2005) (discussing continuing violations doctrine for tolling statute of limitations); *see also Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008) (holding that "the office of the misnamed [continuing violation] doctrine is to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought"). Here, the wrongful act alleged, and admitted to by the United States, was the IRS acting to collect unpaid tax liabilities after those liabilities had been discharged by order of the bankruptcy court. Later actions by the IRS to collect those same unpaid taxes may have prolonged the process and the costs to Kovacs, but they were not

-8-

continuing unlawful acts.  Therefore, the court finds insufficient evidence of any continued or independent violations of 11 U.S.C. § 524 that would have either tolled or restarted the limitations period.

Kovacs also claims that the bankruptcy court erred when it cited in its order a portion of Kovacs's deposition testimony that was never formally received into evidence at trial.  The bankruptcy court quoted Kovacs as stating in her deposition that she thought the July 8, 2002 notices might have been a violation of the discharge order.  To the extent the bankruptcy court erred in this regard, the court finds its error harmless.  *See In re Bartle*, 560 F.3d 724, 730 (7th Cir. 2009) (noting that any error in bankruptcy proceedings may be disregarded if it does not affect a party's substantive rights); Fed. R. Civ. P. 61.  Notwithstanding the portion of Kovacs's deposition cited in the bankruptcy court's order, the record readily reflects that after she had obtained the discharge order Kovacs did not believe she owed the amounts the IRS sought to collect.  Kovacs had specifically included those amounts in her Chapter 7 bankruptcy petition.  Kovacs even retained counsel after obtaining the discharge order for the explicit purpose of clearing up what she considered to be a continued dispute with the IRS.

Kovacs next argues that even if the limitations period had run by the time she filed this case, the United States should be equitably estopped from raising a statute of limitations defense because Kovacs reasonably relied on the IRS's incorrect dischargeability determination.  "A plaintiff invoking equitable estoppel against the

-9-

Government must show that the agency engaged in affirmative misconduct rather than mere negligence." *Bensman v. U.S. Forest Serv.*, 408 F.3d 945, 965 (7th Cir. 2005). In general, equitable estoppel does "not lie in the face of Government error when the statutory requirements are clear." *Id.* at 965 n. 24. Here, the statutory requirements for discharge of tax liabilities are clear, even if their application may be complex. *See* 11 U.S.C. § 523 (listing exceptions to discharged debts of individuals in bankruptcy). The IRS admitted it made an error in August of 2003, and Kovacs waited until August of 2005 to bring this adversary action. Kovacs has made no showing of misconduct by the IRS or the United States such that equity would allow Kovacs to utilize the estoppel shield against a statute of limitations defense.

Finally, Kovacs argues that the bankruptcy court should have judicially estopped the United States from asserting a statute of limitations defense because the IRS maintained that the tax liabilities at issue had not been discharged, but then changed its position over a year later. Kovacs claims that the United States now seeks to benefit from the IRS's "manipulation" of its dischargeability determination by asserting the statute of limitations defense. This is a non-starter. The doctrine of judicial estoppel prevents a prevailing party on one legal or factual issue in a lawsuit from later repudiating that issue in subsequent litigation. *See Urbania v. Cent. States, Southeast and Southwest Areas Pension Fund*, 421 F.3d 580, 589 (7th Cir. 2005). The United States did not prevail in litigation on the issue of whether Kovacs's tax liabilities where discharged in bankruptcy. The United States stipulated

-10-

to the fact that the IRS willfully violated the discharge order by erroneously seeking to collect those unpaid taxes. Judicial estoppel does not apply in this case.

Because the bankruptcy court committed no errors of law requiring reversal, and because the bankruptcy court reasonably and correctly found that Kovacs's § 7433 claim was time-barred, the court is obliged to affirm the bankruptcy court's order.

Accordingly,

**IT IS ORDERED** that the bankruptcy court's order dismissing this adversary proceeding be and the same is hereby **AFFIRMED.**

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge